```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          Norfolk Division
```

**BETTY J. CHAMBERLAIN, #338542**

        Petitioner,

v.                                                                                        2:07CV276

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On September 15, 2004, in the Circuit Court of Chesterfield County, Virginia, petitioner was convicted of two counts of distribution of heroin and two counts of second degree murder, and was sentenced to serve twenty-six years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on May 5, 2005, the appeal was denied. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on October 14, 2005. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but the petition was dismissed on March 29, 2007.

On June 14, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on October 23, 2007, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Petitioner was deprived due process of law under the Fourteenth Amendment;

2. Petitioner was deprived of her constitutional rights to effective assistance of counsel;

3. The testimony of the Commonwealth's witnesses was incredible because they were known felons;

4. Trial counsel was ineffective for failing to:

   a. produce evidence regarding petitioner's psychiatric history;

   b. spend an adequate amount of time with petitioner;

5. The victim played a role in her own death; and

6. The prosecution refused to offer a plea agreement due to pressure from the victim's family.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion,

the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual

determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.

1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Claims 1, 2, 4(b), and 6 are Procedurally Defaulted.

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause

resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for her failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

### 1. Due process claim (Claim 1)

Petitioner alleges that she was denied due process of law because she was tried and convicted while legally incompetent to stand trial, (Claim 1). Petitioner raised the claim in her state habeas petition filed in the Supreme Court of Virginia, but the court held that the claim was procedurally defaulted because petitioner did not raise the issue at trial or on direct appeal. Petitioner has not presented any cause for the default, and therefore, the claim is procedurally defaulted before this Court and should be DISMISSED.

### 2. Ineffective assistance of counsel claims (Claims 2, 4(b), and 6)

Petitioner alleges that she was denied effective assistance of counsel, but does not state a particular premise for the claim, (Claim 2). In support of the claim, petitioner submitted several letters which she wrote to trial counsel from prison. Some of the letters were inquiries into the status of her motion for reconsideration. The Court assumes that the claim relates to petitioner's efforts to ask counsel to move for reconsideration in state court.

Next, petitioner alleges she received ineffective assistance of counsel because counsel did not spend an adequate amount of time with her, (Claim 4(b)). Finally, petitioner contends that the prosecution refused to offer her a plea agreement due to pressure from the victim's family, (Claim 6).

7

Petitioner failed to raise Claims 2, 4(b), and 6 on direct appeal or in her state habeas petition. However, if she returned to state court, the claims would now be procedurally barred as successive and barred by the statute of limitations. VA. CODE ANN. §§ 8.01-654(A)(2) and (B)(2). Petitioner does not present any justification for her default, therefore, the claims are procedurally defaulted and should be DISMISSED.

### E. The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In Wright v. West, 505 U.S. 277 (1992), the Supreme Court held that:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner. Petitioner argues for the application

8

of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner alleges that the testimony of the Commonwealth's witnesses was incredible because they were "known felons," (Claim 3). Petitioner also alleges that one victim was a heroine injector and, therefore, played a role in her own death, (Claim 5). Although not stated exactly as they are herein, the claims were included as part of petitioner's insufficiency of evidence claim on direct appeal. (Pet. for Appeal Claims 4 and 5.) On appeal, petitioner asserted that the witnesses, who testified against her, were felons and had reason to provide false testimony in return for personal benefits granted by the prosecution. Petitioner stated that the Commonwealth failed to meet its burden of proof beyond a reasonable doubt because the witnesses lacked credibility. Regarding the claim that one of the victims played a role in her own death, petitioner contends that she provided rebuttal evidence at trial indicating that the victim injected herself with heroine.

The trial court heard testimony from seven witnesses for the Commonwealth, three of which were convicted felons. (Tr. at 62, 72, 84.) Two of the felons, who were incarcerated with petitioner, testified that petitioner admitted to injecting both victims with heroine. (Tr. at 69, 71, 86.) One felon testified that petitioner expressly told her that she injected the victims with heroine and stated that one victim "got what she deserved." (Tr. at 86.) A second felon testified that she overheard petitioner admit to another inmate that she injected both victims. (Tr. at 69, 71.) The testimony of the felons was the only evidence that directly implicated petitioner as the injector of the heroine into the victims.

9

Petitioner presented two witnesses at trial who testified that one particular victim injected herself when using heroine. (Tr. at 127, 131-32.) Petitioner contends that the discredited testimony of the felon witnesses and her proffered evidence created a reasonable possibility that the victims injected themselves with the heroine, and the Commonwealth's evidence was insufficient to prove otherwise.

Reviewing the evidence in the light most favorable to the prosecution, the Court finds that the record supports the Commonwealth's findings. See Marshall v. Lonberger, 459 U.S. 422, 432 (1983). The prosecution presented two separate witnesses who testified that petitioner admitted to injecting both victims with heroine immediately before their deaths. In addition, several other witnesses provided evidence corroborating petitioner as the injector. Additionally, petitioner was with each victim at the time of their respective deaths, and she supplied both victims with the heroine that led to their deaths. (Tr. at 57, 59, 99-100, 103, 144.) Another witness testified that just prior to one victim's death, he joined petitioner and the victim in the bathroom, where petitioner mixed heroine in a spoon to prepare it for injection. (Tr. at 57.) Petitioner injected herself with the heroine and also injected the witness. (Tr. at 58.) Regardless of a lesser weight accorded to the felons' testimony, the trier of fact heard additional evidence of the sequence of events that led to the victims' deaths, a sequence which clearly involved petitioner purchasing, supplying, and injecting heroine in herself and others.

The Commonwealth also presented additional evidence that included a conversation between petitioner and a wire-tapped witness in which petitioner stated she had disposed of all the evidence concerning

one victim's death.  (Tr. at 39, 42.)  Another witness testified that after the victim's death, she asked petitioner to inject her with heroine, but petitioner responded that she would never do that again to anyone.  (Tr. at 68.)

Petitioner's proffered evidence of two witnesses is insufficient to establish that a victim habitually injected herself with heroine.  Petitioner's evidence at best raises a possible theory, which was outweighed by the Commonwealth's evidence.  In consideration of the entire record, the Court cannot conclude that petitioner's conviction was "based on an unreasonable determination of the facts."  See 28 U.S.C. § 2254(d) (2000).  The trial court was reasonable in its resolution of the weight and credibility of all of the evidence, and the Court defers to its findings.  The claims are without merit and should be DISMISSED.

**F.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  Id. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
>     A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that

11

> counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be

12

highly deferential in scrutinizing counsel's tactics. See <u>Bennett v. Angelone</u>, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." <u>Bell v. Evatt</u>, 72 F.3d 421, 429 (4th Cir. 1995)(citing <u>Strickland</u>, 466 U.S. at 689).

Petitioner alleges that she received ineffective assistance of trial counsel because counsel failed to investigate her psychiatric record, despite notice of previous psychiatric treatment, (Claim 4(a)). Petitioner also asserts that she was deprived of her medications while in jail, rendering her incompetent to stand trial.

In support of her claim, petitioner proffers several affidavits from family members and acquaintances who indicate that petitioner's health is abnormal when she is not on medication. (Pet. Ex. C.) Petitioner also included an affidavit by her psychiatrist confirming that she prescribed medications for petitioner. (Pet., Ex. C.)

Petitioner's claim fails to satisfy the reasonableness prong of <u>Strickland</u>. The record is insufficient to support that petitioner's counsel did not function as an objectively reasonable attorney. Every trial counsel has the discretion, within reason, to decide how to pursue his strategy. Counsel's investigative discretion includes a duty to make reasonable investigations or, alternatively, to make a reasonable determination that an investigation is unnecessary. See <u>Strickland</u>, 466 U.S. at 691. A "decision not to investigate must be directly assessed under all the circumstances, applying a heavy measure of deference to counsel's judgments." <u>See</u> <u>id</u>. It is reasonable for counsel to draw the line where he believes further investigation would be fruitless. <u>See</u> <u>Strickland</u>, 466 U.S. at 699; <u>Wiggins v. Smith</u>, 539 U.S. 510, 525 (2003).

Counsel is not required to "scour the globe on the off-chance that something will come up."  See Rompilla v. Beard, 545 U.S. 374, 382-83 (2005).

Petitioner's counsel made a reasonable, informed decision not to investigate petitioner's psychiatric history.  The record reveals that counsel met with petitioner on "numerous occasions," and petitioner was alert, understanding, and actively engaged in discussions with counsel. (Resp. Mot. Dismiss State Habeas Pet., Ex. 1.)  Counsel also spoke with petitioner's family on several occasions while petitioner was imprisoned, and despite the observations in their affidavits, family members did not mention any concerns to counsel during their conversations. Additionally, the affidavit by petitioner's psychiatrist only states generally that she prescribed petitioner medication. (Pet., Ex. C.)  The affidavit makes no reference to petitioner's incompetence or any other condition which resulted when petitioner did not take her medication. Petitioner's evidence is insufficient to support that counsel unreasonably failed to perceive signs or symptoms of her mental state. Absent a showing by petitioner of serious error, and in light of all the circumstances, counsel was reasonable in his decision not to pursue a psychiatric investigation.  See Barnes v. Thompson, 58 F.3d 971, 979-80 (4th Cir. 1995).  The claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional

right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                                      **/s/**
                                                       **James E. Bradberry**
                                                     **United States Magistrate Judge**

**Norfolk, Virginia**
**April 16, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

>Betty J. Chamberlain, #338542, <u>pro se</u>
>Fluvanna Correctional Center for Women
>P.O. Box 1000
>Troy, VA  22974

>Donald E. Jeffrey, III, Esq.
>Assistant Attorney General of Virginia
>900 E. Main Street
>Richmond, VA  23219

>>Fernando Galindo, Clerk

>>By _____
>>　　　　Deputy Clerk

>>_____, 2008